UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRESTON WADE SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-CV-196 DDN |
| ) | |
| CHRIS CROSS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Preston Wade Simpson for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-

2

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is an inmate at Stoddard County Jail, in Bloomfield, Missouri. He brings this action pursuant to 42 U.S.C. §1983 against Sheriff Carol Hefner and Jail Administrator Chris Cross. Plaintiff is suing defendants in both their individual and official capacities.

Plaintiff's alleges that at the beginning of his confinement at Stoddard County Jail, he was assigned to sleep as the third man in a two-man cell. Plaintiff does not indicate who told him to sleep on the floor of the cell, nor does he state if he asked to be moved from the cell floor. Although

he names two defendants in this action, he has not linked either defendant to placing him in the cell with three persons.

Plaintiff does not indicate how long he was assigned to sleep on the floor in his cell, and he does not indicate that sleeping on the cell floor related to any other issues regarding his conditions of confinement. However, he complains that brown recluse spiders were killed in some of the cells at Stoddard County Jail, and he complains that he had a fight with one of his cellmates during the relevant time period because the inmate was going through drug detox. Plaintiff states he "self-medicated" after the fight, but he does not indicate whether he sought medical treatment from one of the named defendants after the fight and/or if he was denied treatment.

Plaintiff states, without providing additional information, that his "PTSD/anxiety" was exacerbated by sleeping on the floor. Plaintiff has not elaborated why sleeping on the floor caused him anxiety.

Plaintiff seeks compensatory and punitive damages in this action.

### Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, the Court must dismiss plaintiff's claims without prejudice for failure to state a claim or frivolity under 28 U.S.C. § 1915(e)(2)(B).

### A. Plaintiff's Official Capacity Claims

Plaintiff's claims against defendants acting in their official capacity must be dismissed. A suit brought against a municipal official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*,

473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Under § 1983, a governmental entity is only liable when it is the "moving force" behind the deprivation. *Kentucky*, 473 U.S. at 166. Further, "the entity's policy or custom must have played a part in the violation." *Hafer*, 502 U.S. at 25.

Plaintiff's official-capacity claims against Sheriff Hefner, the Sheriff of Stoddard County, as well as against Chris Cross, the Jail Administrator of the Stoddard County Jail, must be treated as a claim against Stoddard County Sheriff's Office and the Stoddard County Jail, respectively. A sheriff's office and a jail are departments or subdivisions of local government, they are not entities subject to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"). Thus, the official capacity claims against the defendants are subject to dismissal.

Even if the Court were to construe the official capacity claims as brought against the relevant municipality, Stoddard County, and substitute it as defendant, the complaint still fails to state a claim of municipal liability because plaintiff has not alleged any facts linking the municipality's "policy or custom" with the alleged constitutional violations. Therefore, plaintiff's claim against defendants must be dismissed. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

**B. Plaintiff's overcrowding claim**

Plaintiff alleges that for some unspecified period of time, he has slept in a two-man cell with three persons, and he has been the inmate sleeping on the floor. These claims do not set forth factual allegations sufficient to state a claim.

5

Plaintiff is currently a pretrial detainee. As a pretrial detainee, plaintiff's claims regarding unconstitutional conditions of confinement are analyzed pursuant to the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt"). A pretrial detainee's Fourteenth Amendment rights are violated if the detainee's conditions of confinement amount to punishment. *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).[1] The Fourteenth Amendment protections afforded a pretrial detainee are "at least as great" as those afforded convicted prisoners by the Eighth Amendment. *Id.*; *see also Owens*, 328 F.3d at 1027. The Eighth Circuit has repeatedly applied the Eighth Amendment's "deliberate indifference" standard as it is applied to claims made by convicted inmates. *Vaughn v. Greene County., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). Accordingly, punishment that deprives an inmate "of the minimal civilized measures of life's necessities is unconstitutional." *Morris*, 601 F.3d. at 809.

A pro se complaint is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

Plaintiff's overcrowding allegation is conclusory and fails to set forth facts that state a claim as a matter of law. His claim seems to assume that inmates are not allowed to sleep on a cell

---

[1] The inquiry in such cases is whether the conditions amount "to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The first part of the inquiry is "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538-39. If there is a legitimate governmental purpose, the question is whether the condition is excessive in relation to that purpose. *Id.* Governments have an interest in maintaining security and order in operating correctional facilities in manageable fashion, and courts should ordinarily defer to the professional expertise of corrections officials in the administration of detention facilities. *Bell*, 441 U.S. at 540 n. 23.

6

floor. Triple-celling is not in and of itself unconstitutional. *McCree v. Sherrod*, 408 Fed.Appx 990 (7th Cir. 2011); *Hubbard v. Taylor*, 538 F.3d 229 (3d Cir.2008); *Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993). Rather, triple-celling is only unconstitutional if it leads to "deprivations of essential food, medical care, or sanitation." *Cody v. Hillard*, 820 F.2d 912, 914 (8th Cir. 1987). Plaintiff must show that triple-celling deprives him "of the minimal civilized measures of life's necessities is unconstitutional." *Morris*, 601 F.3d. at 809.

To that end, Plaintiff does not allege any facts to demonstrate that sharing a cell rises to the level of a violation of his constitutional rights. For example, he makes no allegation that he is forced to sleep under a bunk or that he is forced to sleep near the toilet. He also does not allege that sharing a cell has affected his health or his hygiene. Although he makes a conclusory remark that brown recluse spiders have been found in the Stoddard County Jail, he does not state that he has been bitten by one, or that he suffered ill consequences as a result of an encounter with one.

Although plaintiff complains that he had a fight with one of his cellmates during his incarceration because the inmate was going through drug detox, plaintiff fails to link this fight to overcrowding or sleeping on the floor in his cell. Moreover, although plaintiff states in a conclusory manner that he suffers anxiety from sleeping on the floor, he has not elaborated why sleeping on the floor causes him anxiety. This failure to link the alleged anxiety to the overcrowding or sleeping conditions is fatal to his assertions that his constitutional rights were violated. As stated above, plaintiff has failed to alleged how triple-ceiling produced conditions denying him "basic human needs" or "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that defendants inflicted those conditions deliberately or recklessly.

Without such supporting facts, plaintiff is only stating the conclusion that sharing a cell with two other inmates violates his rights. In order to state a claim, he must do more. *See Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981) ("a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts"). Therefore, this claim must be dismissed.

Additionally, a claim under 42 U.S.C. § 1983 does not support supervisory liability. Plaintiff must allege that a defendant's personal involvement and culpable state of mind in inflicting harm. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Plaintiff fails to allege that defendants deliberately disregarded some injury or danger that plaintiff allegedly faced from triple-celling. Furthermore, as stated above, he has failed to allege that there was some sort of unwritten custom or policy of triple-ceiling put in place by defendants. Though knowledge and intent can be pleaded generally, they must nevertheless be pleaded. Thus, plaintiff has failed to state an unconstitutional overcrowding claim against defendants.

### C. Plaintiff's claim of inadequate medical care

Plaintiff asserts that after getting into a fight with one of his cellmates, he "self-medicated" after the fight. He does not indicate whether he sought medical treatment from one of the named defendants after the fight and/or if he was denied treatment.

A pretrial inmate has a right to receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Simmons v. Cook*, 154 F.3d 805, 808 (1998). Nonetheless, a complaint must contain more than conclusory statements. *Kaylor*, 661 F.2d at 1183. In other words, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678. Here, plaintiff's allegations amount to a "naked assertion."

Plaintiff does not state that he ever asked for, or was denied, medical care from defendants. For instance, he does not allege a misdiagnosis or an improperly performed procedure. He also does not allege that he has been denied medical care or that the price of medical care has kept him from receiving assistance. In other words, he has not alleged any harm or injury. *See Martin*, 780 F.2d at 1337. Further, plaintiff does not identify who is responsible for this alleged condition or demonstrate a causal link between that person's responsibility and the deprivation of his rights. *See Madewell*, 909 F.2d at 1208. Therefore, this claim must be dismissed.

Having considered the instant complaint, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** this action is subject to dismissal for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of March, 2021.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE